IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEVELAND BERRY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-700-MHT |
| ) | [WO] |
| DEPARTMENT OF ) | |
| CORRECTIONS AT KILBY FACILITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 8, 2016, the court granted Plaintiff fourteen days to supplement his request for leave to proceed *in forma pauperis* by submitting to the court an AO Form 240, also known as the Application to Proceed in District Court Without Prepaying Fees or Costs.[1] Doc. 5.  On October 19, 2016, the court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the order of September 8, 2016. Doc. 6.  The requisite time has passed and Plaintiff has not complied with the orders of the court.  Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended

---

[1] Plaintiff was an inmate incarcerated at the Kilby Correctional Facility when he filed this complaint.  Before the court could rule on Plaintiff's request for leave to proceed as a *pauper*, he filed a notice of change of address which indicated that he had been released from the custody of the Alabama Department of Corrections.  Accordingly, the court directed Plaintiff to supplement his request for leave to proceed *in forma pauperis* by submitting an AO Form 240.

complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further ORDERED that **on or before November 28, 2016**, Plaintiff may file an objection to this recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 14th day of November, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE